# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEVIN ARIC MOORE, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PX-17-2256 |
| WARDEN STATE OF MD and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents | * | |
| | *** | |

## MEMORANDUM OPINION

Before the Court is Devin Aric Moore's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF Nos. 1, 5. Respondents filed an Answer in which they argued that the Petition should be dismissed for failing to exhaust state avenues for relief. ECF No. 8. This Court ordered Petitioner to respond to the exhaustion argument, and Petitioner has done so. ECF 12. After reviewing all pleadings, the Court finds a hearing unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2). For the reasons set forth herein, the Court shall DENY AND DISMISS the Petition without prejudice.

## PROCEDURAL HISTORY

On July 6, 2017 in the Circuit Court for Baltimore City, Petitioner pled guilty to armed robbery, use of a firearm in connection with a violent felony, and impersonation of a police officer, and was sentenced to five years' imprisonment. ECF No. 6 at 1; ECF No. 8-1 at 1, 4. On July 7, 2017, Petitioner sent the presiding judge a letter requesting review of his case by a three-judge panel, modification of his sentence, and leave to appeal. ECF No. 8-2 at 3-4. The

letter identified three purported errors with the criminal proceedings: (1) Petitioner's right to a speedy trial was violated because more than 180 days passed between his initial appearance and his guilty plea; (2) Petitioner's conviction for use of a handgun in the commission of a crime was not supported by sufficient evidence because the state failed to establish that a crime of violence was committed or that the firearm at issue was a handgun; and (3) the State "illegaly [sic] remov[ed] pictures from [Petitioner's] social media due to lack of sufficient authentication" and the court erred when it admitted these pictures into evidence. ECF No. 8-2 at 3-4.

On August 3, 2017, before the state courts ruled on any of the three motions contained within Petitioner's letter, Petitioner filed the instant § 2254 Petition with this Court, raising the sole argument that his right to a speedy trial was violated. ECF No. 1. At the Court's instruction, ECF No. 4, Petitioner filed a supplemental Petition, raising six grounds for relief, ECF No. 5.

On August 30, 2017, the Baltimore City Circuit Court denied Petitioner's Motion for Sentence Modification. ECF No. 12-1 at 3. On September 18, 2017, the three-judge panel rejected Petitioner's Application, concluding that "the sentence imposed was fair and just under all the circumstances." ECF No. 12-1 at 4. Also on September 18, Petitioner filed his state petition for post-conviction relief with the Circuit Court. ECF No. 12-1 at 5-7. That petition appears to be still pending. ECF No. 12 (Petitioner's statement from November 20, 2017, that he has "not heard from circuit court" regarding the collateral petition). On October 2, 2017, the Maryland Court of Special Appeals denied Petitioner's Application for Leave to Appeal. ECF No. 12-1 at 1.

# CLAIMS PRESENTED

As noted above, Petitioner filed his initial § 2254 petition on August 3, 2017. ECF No. 1. On September 15, 2017, Petitioner filed a supplement to his petition in which he raises the following grounds for relief:

- A. Ground One: use of a firearm in commission of a crime
  Supporting Facts: State did not prove I utilized a weapon, ballistic evidence was consistent with a handgun that was not a handgun [sic[1]]. State didn't prove gun was employed.

- B. Ground Two: In[e]ffective assistance of counsel
  Supporting Facts: Failed to present evidence, counsel fell below representation objective standard of reasonableness, He erred in pre-trial, counsel['s] decision was forced upon me due to inattention and lack of preparation.

- C. Ground Three: Armed Robbery
  Supporting Facts: State did not prove larceny intent, without larceny intent there is no armed robbery, nor do they have a weapon. Victim stated none was pointed.

- D. Ground Four: Impersonation
  Supporting Facts: At no time didn't [sic] have fraudulent design on person or property stating I was a police officer.

- E. Ground [Five]: Violating my Hicks[2]
  Supporting Facts: Court failed to have me in court within 180 days according to Md Ann Code art. 27, 591 and Md. R. 4-271, and no good cause was shown.

- F. Ground [Six]: no evidence
  Supporting [F]acts: State did not have any evidence to convict me. My plea offer was not based on character, prior record, or circumstance of the crime. There was no materiality or probative value of evidence shown.

ECF No. 5 at 5-6.

---

[1] Based on petitioner's letter from July 7, 2017, ECF No. 8-2 at 3, it appears likely that Petitioner intended to say that the ballistic evidence was consistent with a *firearm* that was not a handgun.

[2] *State v. Hicks*, 403 A.2d 356 (Md. 1979).

Respondents contend that the Petition should be dismissed for failure to exhaust state avenues for review. ECF No. 8 at 4-6.

**DISCUSSION**

As a matter of comity, a federal habeas petitioner generally must exhaust claims in state court before seeking federal review; failure to exhaust a claim requires dismissal by the federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509, 515-19 (1982). The exhaustion requirement is satisfied when (1) a petitioner has fairly presented all claims in state court, or (2) no state remedies are currently available to the petitioner. *See Gray v. Netherland*, 518 U.S. 152, 161 (1996). Fair presentation requires the petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," through either direct or collateral review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). Both the operative facts and the controlling legal principles must be presented to the state court. *Picard v. Connor*, 404 U.S. 270, 277 (1971). "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) *cf. Domaingue v. Butterworth*, 641 F.2d 8, 14 (1st Cir. 1981) ("Our practice has been to determine the question of exhaustion as of the time a habeas corpus petition was filed, not as of the time the case is heard on appeal, and to require a new petition to be filed if state remedies are subsequently exhausted.").

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the

4

Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-301. If an appeal of right is not permitted, as here because Petitioner had pleaded guilty, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Cts. & Jud. Proc. § 12-302(e). If the Court of Special Appeals denies the application, no further review is available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202.

To exhaust a claim through post-conviction proceedings, Petitioner must raise his claims in a petition first in Circuit Court, and then if denied, in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, no further review is available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

Exhaustion is not required if at the time a petitioner files a federal habeas corpus petition, he does not maintain an available state remedy. *See Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Bassett v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State...if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Additionally, where state court review remains available, a mixed federal habeas petition—i.e., one presenting both exhausted and unexhausted claims—must be dismissed in its entirety unless the state, through counsel, expressly waives the exhaustion

requirement. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004); *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

At the time Petitioner filed his case on August 3, 2017, he had not yet received a ruling on his application for leave to appeal with the Maryland Court of Special Appeals. Thus, Petitioner failed to exhaust his state remedies on any claim on either direct or collateral review. Petitioner nonetheless contends that his claims have since been exhausted via timely motions for sentence modification, review by a three-judge panel, and leave to appeal have since been denied. ECF No. 12 at 1-2, 4. As previously noted, exhaustion must be complete as of the time the federal habeas petition is filed; it is not sufficient to exhaust state remedies after filing but before a hearing on the federal petition. *See Gatlin*, 189 F.3d at 889. Accordingly, Petitioner's petition must be denied.

Moreover, setting aside the fact that the Court of Special Appeals denied the motion for leave to appeal after the Petitioner filed the instant action, Petitioner did not present to the Court of Special Appeals all of the claims presently before this Court. *See* ECF No. 5 at 5-6; ECF No. 8-2 at 3-4 (presenting Grounds One and Five of instant Petition in motion for leave to appeal). The Petition before this Court sets out two claims that had been exhausted on direct review and four unexhausted claims. Accordingly, as a mixed Petition, it would alternatively be subject to dismissal without prejudice.

Finally, Petitioner can obtain state review of the Petition's claims by raising them in his pending post-conviction proceedings.[3] Accordingly, because some state remedies are currently available to Petitioner, his failure to exhaust cannot be excused under *Teague*.

**CONCLUSION**

For these reasons, the Petition is dismissed without prejudice for lack of exhaustion. When, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). Denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

A separate order follows.

_1/23/18_____          _____/S/_____
Date                              Paula Xinis
                                  United States District Judge

---

[3] Petitioner's application for state habeas relief did not mention all the grounds raised in this Petition. *See* ECF No. 12-1 at 5-6. However, because Petitioner is able to amend his state post-conviction application, not all state avenues for relief are closed to Petitioner.